## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| **TABORRA SEAMSTER** | : | **DOCKET NO. 5:22-cv-04366** |
| **VERSUS** | : | **JUDGE S. MAURICE HICKS, JR.** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed by defendant United Services Automobile Association (USAA). Doc. 26.  Plaintiff has filed a Notice of No Opposition to the motion to dismiss.  Doc. 30.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED.**

## I.
### BACKGROUND

This case arises from damage to plaintiff's home in Minden, Louisiana, from Hurricane Laura.  Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC (MMA), filed suit in this court on August 25, 2022, raising claims of breach of insurance contract and bad faith against USAA under Louisiana law.  Doc. 1.  The suit was filed pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332, asserting that plaintiff was a citizen of Louisiana and USAA a citizen of Texas. *Id.* at ¶ 3.  On June 21, 2023, new counsel moved to enroll for plaintiff, replacing the MMA attorneys.  Doc. 17.

Plaintiff's new counsel filed a motion to amend complaint. Docs. 23. Defendant USAA filed an opposition to the motion to amend and filed the instant motion to dismiss. Docs. 24, 26. USAA argues that the complaint incorrectly asserts USAA's citizenship, and that because plaintiff and USAA share Louisiana citizenship, this court cannot exercise diversity jurisdiction over this case. Plaintiff has now abandoned the motion to amend [doc. 32] and indicates no opposition to the motion to dismiss [doc. 30]. We therefore provide only a brief review of the law supporting dismissal.

## II.
### LAW AND ANALYSIS

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. Fed. R. Civ. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)). There is no basis for federal question jurisdiction in this case because plaintiff raises only state law claims. *See* 28 U.S.C. § 1331. As for diversity jurisdiction under 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000, exclusive of interest and costs. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

Here, the complaint alleges that plaintiff is a citizen of Louisiana and that USAA was incorporated under the laws of Texas with its principal place of business in San Antonio. Doc. 1, ¶ 3. USAA, however, asserts that it is a reciprocal insurance organization that has members in all 50 states. Doc. 26, att. 1, p. 2-3. In support of this assertion, USAA provides the court with

multiple cases where other courts have found that USAA is in fact an unincorporated association with members in every state. *Id*.  An unincorporated association is a citizen of each state in which it has a member. *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n.*, 946 F.2d 390, 393 (5th Cir. 1991).  USAA is thus a citizen of every state, including Louisiana. *E.g.*, *Cruz v. USAA*, No. 21-515, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021).  Plaintiff has submitted no evidence or argument that disputes these assertions of USAA.

Because both plaintiff and defendant are citizens of Louisiana, there is no basis for the court's exercise of jurisdiction and, therefore, we recommend this matter be dismissed without prejudice.

### III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 26] be **GRANTED** and that all claims in this matter be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE